# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| PAUL POWERS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 07 C 5410 |
| | ) | |
| v. | ) | |
| | ) | |
| CORN PRODUCTS | ) | Magistrate Judge Morton Denlow |
| INTERNATIONAL, INC., JOHN | ) | |
| SUROWEIC, UNITED STEEL, | ) | |
| PAPER and FORESTRY, RUBBER | ) | |
| MANUFACTURING, ENERGY, | ) | |
| ALLIED INDUSTRIAL and | ) | |
| SERVICE WORKERS | ) | |
| INTERNATIONAL UNION, and | ) | |
| JAMES KRAMER, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Paul Powers ("Plaintiff") filed a four count amended complaint against Corn Products International, Inc. ("Corn Products"), John Suroweic ("Suroweic"), United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union ("Union"), and James Kramer ("Kramer"). In Count I, Plaintiff seeks the equitable remedy of specific performance, including an order directing Corn Products to allow Plaintiff to participate in the Health Care Plan for Hourly Employees of Corn Products International, Inc. (the "Plan" or "Health Care Plan"). In Count II, Plaintiff seeks to clarify his rights to future benefits under the Health Care Plan in accordance with 29 U.S.C. § 1132(a)(1)(B). In Count III, Plaintiff seeks to recover damages from Corn Products and

Suroweic based on alleged misrepresentations made by Suroweic to Plaintiff with respect to the Plaintiff's eligibility to participate in the Health Care Plan upon retirement. Corn Products and Suroweic move to dismiss all three counts pursuant to Federal Rule of Civil Procedure 12(b)(6).

Corn Products and Surowiec are not named as defendants in Count IV. The Union and Kramer filed a separate motion to dismiss, which is being ruled upon in a separate opinion. Oral argument was held on April 22, 2008. For the reasons stated below, the motion to dismiss Counts I, II, and III against Corn Products and Suroweic is granted.

## I. BACKGROUND FACTS

Plaintiff has been employed by Corn Products since October 16, 1970. (Am. Compl. Introduction ¶ 1). Plaintiff began his employment at Corn Products as an hourly employee and a member of the Union. (Am. Compl. Count III ¶¶ 9-10, 13). In 2000, however, Plaintiff left the Union and accepted a salaried management position with Corn Products. (Am. Compl. Count III ¶ 9 and 13). Plaintiff alleges that before he agreed to leave the Union and accept the salaried position, Suroweic, Corn Products' Director of Benefits, informed Plaintiff that he would still be eligible to participate in the Health Care Plan upon retirement. (Am. Compl. Count III ¶ 9). Plaintiff claims he relied on Suroweic's representation, and as a result, accepted the salaried position. (Am. Compl. Count III ¶ 13).

After accepting the salaried position, however, Corn Products informed Plaintiff that he is not eligible to participate in the Health Care Plan upon retirement. (Am. Compl. Introduction ¶ 6). As a result, Plaintiff alleges that he has been "constrained from retiring"

due to the later advice that he will not be eligible to receive benefits under the Health Care Plan upon retirement. (Am. Compl. Introduction ¶ 8).

Union employees of Corn Products may participate in the Health Care Plan if they meet certain requirements. (Ex. A at 22).[1] As stated in Article 12 of the collective bargaining agreement between Corn Products and the Union ("Labor Agreement"), eligibility is "subject to the terms and provisions" of the Health Care Plan. (Ex. A at 22). Additionally, Union employees may be eligible to participate in the Health Care Plan upon retirement pursuant to the requirements specified in Article 14, Section 1C of the Labor Agreement. (Ex. A at 24). The gravamen of Plaintiff's claim is to have Corn Products guarantee his eligibility to receive benefits from the Health Care Plan upon retirement or to be awarded damages for the alleged misrepresentations made by Suroweic regarding his eligibility to participate in the Health Care Plan.

## II. STANDARD OF REVIEW FOR MOTION TO DISMISS

Under Rule 12(b)(6), to survive a motion to dismiss for failure to state a claim upon which relief may be granted, the complaint must contain only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *EEOC v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007). The complaint must "describe the claim in sufficient detail to give the defendant 'fair notice of what the . . . claim is and the grounds upon which it rests.'" *Concentra*, 496 F.3d at 776 (quoting *Bell Atl. Corp.*

---

[1] Ex. A refers to the Labor Agreement attached as Exhibit A to Defendants' Motion to Dismiss.

*v. Twombly*, ---- U.S. ----, ----, 127 S. Ct. 1955, 1964 (2007)). The "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of elements of a cause of action will not do." *Twombly*, 127 S. Ct. at 1964-65. Additionally, the complaint "must plausibly suggest that the plaintiff has a right to relief [by providing allegations that raise a right to relief] above a 'speculative level.'" *Concentra*, 496 F.3d at 776 (quoting *Twombly*, 127 S. Ct. at 1965). If the allegations do not suggest such a right to relief, "the plaintiff pleads itself out of court."*Id.* In ruling on a motion to dismiss, the Court takes "as true all well-pleaded factual allegations in the complaint and make[s] all plausible inferences from those allegations in the plaintiffs' favor." *Disability Rights Wisc., Inc., v. Walworth County Bd. of Supervisors,* —F.3d —, 2008 WL 1701837 (7th Cir. 2008)

### III. DISCUSSION

**A.  Count I - Specific Performance**

Corn Products moves to dismiss Count I for failure to state a claim upon which relief can be granted. Specifically, Corn Products asserts that Plaintiff's action for specific performance is precluded under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1004-1461, in light of his claim in Count II.

In Count I, Plaintiff seeks specific performance under 29 U.S.C. § 1132(a)(3) ("section 502(a)(3)") of ERISA "to require Corn Products and the Union to . . . enroll [P]laintiff in the Plan for retiree health benefits." (Pl.'s Resp. to Def.'s Mot. to Dismiss

4

("Response") at 7).[2] In Count II, Plaintiff seeks to clarify his rights to future benefits under the Health Plan pursuant to section 502(a)(1)(B). These two sections provide as follows:

> Sec. 502.(a) A civil action may be brought -
> (1) by a participant or beneficiary -
>
> * * *
>
> (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan;
>
> * * *
>
> (3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this title or the terms of the plan, or (B) to obtain other appropriate equitable relief (I) to redress such violations or (ii) to enforce any provisions of this title or the terms of the plan;

ERISA § 502(a), 29 U.S.C. § 1132(a).

A section 502(a)(1)(B) claim for benefits (that Plaintiff asserts in Count II of his Amended Complaint) makes a claim under section 502(a)(3) inappropriate. Specifically, section 502(a)(3) of ERISA is a "catchall . . . [that] offer[s] appropriate equitable relief for injuries caused by violations that § 502 *does not elsewhere adequately remedy*." *Varity Corp. v. Howe*, 516 U.S. 489, 512 (1996) (emphasis added). The Court in *Varity* elaborated by asserting that relief under section 502(a)(3) is not "appropriate" where section 502 "elsewhere provide[s] adequate relief for a beneficiary's injury." *Id.* at 515 (holding that

---

[2] It is necessary to look to Plaintiff's Response to determine the section of ERISA that he invokes under Count I, as his Amended Complaint fails to cite any statute in support of his claim for specific performance.

5

Plaintiffs could seek appropriate equitable relief pursuant to section 502(a)(3) in part because they could not pursue an action under 502(a)(1)(B)). In this case, equitable relief under section 502(a)(3) is not necessary because in Count II Plaintiff seeks relief under section 502(a)(1)(B) to clarify his rights to future benefits. Because Count I seeks nothing that Plaintiff does not separately seek under Count II, Count I is dismissed.

**B.     Count II - Health Care Plan Eligibility**

Corn Products also moves to dismiss Count II pursuant to Rule 12(b)(6). In particular, Corn Products asserts that it has no legal obligation to provide Plaintiff with cost-free health care coverage upon his retirement.

In Count II, Plaintiff seeks "to clarify his rights to future benefits under the terms of the [Health Care] Plan" pursuant to section 502(a)(1)(B) of ERISA. (Am. Compl. Count II ¶ 13). Plaintiff asserts that because he is fully vested in the Union's pension plan (a point which Corn Products does not contest), he is thereby "entitled" to participate in the Health Care Plan upon retirement. (Am. Compl. Count II ¶¶ 9, 15). ERISA, however, distinguishes between rights to pension plans and rights to welfare benefits such as health care coverage. *See Cherry v. Auburn Gear, Inc.*, 441 F.3d 476, 481 (7th Cir. 2006). Whereas pension benefits under ERISA vest by law, the vesting of welfare benefits, "if they vest at all, . . . do so under the terms of a particular contract." *Id.* (quoting *Pabst Brewing Co. v. Corrao*, 161 F.3d 434, 439 (7th Cir. 1998)). Thus, to determine whether Plaintiff asserts a claim sufficiently plausible to survive a 12(b)(6) motion to dismiss, it is necessary to look to the Health Care Plan itself.

Plaintiff relies upon the following "plain language" of the Health Care Plan to receive health care benefits upon retirement:

> Usually a retiree can continue the above coverage at no cost to him or her. However, if the retiree is employed after retiring from Corn Products, with another employer who offers a Health Plan and is receiving wages that will exceed $10,000 over 12 months, he must pay the full prevailing monthly premium in order to continue this Plan's coverage. If a retiree decides to drop this coverage because of employment elsewhere, he or she may re-enroll without medical evidence when they are again eligible for free coverage or willing to pay the full premiums.

(Ex. B. at 31).[3]

This language does not apply to Plaintiff. The title of this provision states that it applies only to "[e]mployees with 60 points or more as defined in Article 14 Section 1CA of the Labor Agreement." (Ex. B at 31). Article 14, Section 1CA in turn provides that "[a]n employee whose age and continuous service (on a full year basis) combine to make a total of eighty (80) may retire voluntarily and will be eligible for a pension." (Ex. A at 24). Additionally, Section 1CB of this Article goes on to state that "[e]mployees retiring under this provision are eligible for the Health Care Plan subject to the terms and provisions of the plan as described in the prevailing [Health Care Plan]." (Ex. A at 24). Plaintiff contends that he has exceeded this "Rule of 80" requirement in Article 14 of the Labor Agreement because his age and continuous service with Corn Products gave him 86 points.[4] (Am. Compl.

---

[3] Ex. B refers to the Health Care Plan attached as Exhibit B to Corn Products' Motion to Dismiss.

[4] Plaintiff arrives at this figure by adding his thirty (30) years of service to his age of fifty six (56) in 2000, the year that he left the Union for a salaried position. (Am. Compl. Count I ¶ 10).

7

Introduction ¶ 4).

Thus, it is necessary to determine whether Plaintiff, more than seven years after leaving the Union, still retains these 86 points. The "Seniority" section of the Labor Agreement makes clear that Plaintiff does not in fact retain any points for the purposes of Article 14. Specifically, Article 8, Section 8 states that "[e]mployees transferred to a supervisory or *salaried job* after July 1, 1980 shall retain their seniority for a total of one (1) year. If the employee(s) does not return within the one-(1) year period, *all job seniority rights within the bargaining unit will be forfeited.*" (Ex. A at 14) (emphasis added). Since Plaintiff was in a salaried position with Corn Products for more than seven years, he forfeited any seniority rights accrued during his time with the Union. Stated otherwise, because the points discussed in Article 14 of the Labor Agreement accrue from the date of employment, Plaintiff would start back at square one even if he left his salaried position and rejoined the Union. *See also* (Ex. A at 11) ("In the event of re-employment after a layoff in excess of two years, discharge for cause or voluntary separation, [an employee's] length of service shall date from the date of his *re-employment*.") (emphasis added). As a result, Plaintiff is not entitled to receive health care benefits under the Health Care Plan upon retirement.

Although this is the only provision relied upon by Plaintiff in support of his claim in Count II, other provisions of the Health Care Plan also confirm Plaintiff's ineligibility to participate upon retirement. Specifically, the "ELIGIBILITY" section of the Health Care Plan states that, "[a]s an *hourly-paid employee* of the Company represented by the Union, you are eligible for the Health Care Plan." (Ex. B at 2) (emphasis added). The Health Care Plan goes on to state that an employee's coverage ceases when he or she "stop[s] making the required contributions." (Ex. B. at 35). Unfortunately for Plaintiff, he has been a salaried, non-union employee of Corn Products for more than seven years. (Am. Compl. Count III, ¶¶ 9-10, 13). Additionally, nowhere does Plaintiff contend that he continued to make the required contributions to the Plan. Thus, these two unambiguous provisions of the Health Care Plan confirm Plaintiff's ineligibility to participate upon retirement.

In sum, because Plaintiff is not "entitled" to health care benefits by law, and because of the clear and unambiguous language of both the Labor Agreement and the Health Care Plan, Plaintiff fails to state a claim under ERISA for Count II. Accordingly, Count II is dismissed.

### C. COUNT III - MISREPRESENTATION

Corn Products also argues that Count III of Plaintiff's complaint should be dismissed for failure to state a claim upon which relief may be granted. Specifically, Corn Products asserts that Plaintiff's misrepresentation claim fails as a matter of law under ERISA.

9

In Count III, Plaintiff seeks damages from Corn Products and Suroweic for an alleged misrepresentation made by Suroweic to Plaintiff with respect to Plaintiff's eligibility in the Health Care Plan upon retirement. ERISA preempts any state law claim that Plaintiff may have intended to assert in his Amended Complaint. Because ERISA governs this claim, Plaintiff cannot, as a matter of law, show that Suroweic's alleged misrepresentation altered or modified the Plan's clear and unambiguous language with respect to eligibility for health care benefits upon retirement. Additionally, any claim for equitable estoppel under ERISA must fail. Finally, Plaintiff has not adequately stated a claim to hold Suroweic liable in a personal capacity for his alleged misrepresentation.

1.   **ERISA's Preemptive Force**

ERISA "supersede[s] any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a). The Supreme Court has described the scope of ERISA's preemption of state laws as "clearly expansive." *Egelhoff v. Egelhoff ex. rel. Breiner*, 532 U.S. 141, 146 (2001). State law claims are preempted if they "cannot be resolved without an interpretation of the contract governed by federal law." *Trainor v. SBC Services, Inc.*, 2004 WL 2958684, *4 (N.D. Ill. Dec. 20, 2004) (citing *Rice v. Panchal*, 65 F.3d 637, 644 (7th Cir. 1995)). Additionally, ERISA does not lose its preemptive force just because the Plaintiff brings an action for common law fraud. *See id.* at *5 ("As a general rule, state law fraud claims are preempted by ERISA") (citing *Reilly v. Blue Cross & Blue Shield United*, 846 F.2d 416, 426 (7th Cir. 1988)). Even where federal law provides no remedy for alleged misrepresentations with respect to an employer health care plan, ERISA

still preempts the state law misrepresentation claim. *See Pohl v. Nat'l Benefits Consultants, Inc.*, 956 F.2d 126, 128 (7th Cir. 1992). Consequently, ERISA governs Plaintiff's misrepresentation claim against Corn Products and Suroweic.

###   2.   Oral Modifications of Welfare Benefits Plans Under ERISA

As a general matter, ERISA requires that "every employee benefit plan . . . be established and maintained pursuant to a written instrument." 29 U.S.C. § 1102(a)(1). The Seventh Circuit, however, has found that ERISA plans need not be in writing to be enforceable. *Brines v. XTRA Corp.*, 304 F.3d 699, 701-02 (7th Cir. 2002) (discussing the possibility of enforcing "informal" plans); *Diak v. Dwyer, Costello & Knox*, 33. F.3d 809, 811-12 (7th Cir. 1994). But where the Plan is written, oral modifications to that Plan are not permitted. *See Brines*, 304 F.3d at 701-02; *Sandstrom v. Cultor Food Science, Inc.*, 214 F.3d 795, 797 (7th Cir. 2000). "One of ERISA's purposes is to protect the financial integrity of pension and welfare plans by confining benefits to the terms of the plans as written, thus ruling out oral modifications." *Downs v. World Color Press*, 214 F.3d 802, 805 (7th Cir. 2000).

As discussed, the language of the Health Care Plan is clear and unambiguous with respect to employee eligibility for health care benefits both during employment and upon retirement. The analysis in Section III. B. of the clear language of the Plan confirms Plaintiff's ineligibility to receive health care benefits upon retirement. Additionally, because oral modifications to written benefits plans are not allowed under ERISA, whatever representations Suroweic did make to Plaintiff did not alter the language of the Health Care

11

Plan itself.

### 3. Equitable Estoppel

Because Suroweic's alleged misrepresentation did not, as a matter of law, alter the terms of the Plan, Plaintiff must instead seek an action for equitable estoppel under ERISA.

To succeed on an equitable estoppel claim under ERISA, plaintiffs must show: "(1) a knowing misrepresentation; (2) made in writing; (3) [on which they reasonably relied]; (4) to their detriment." *Kannapien v. Quaker Oats Co.*, 507 F.3d 629, 636 (7th Cir. 2007) (citing *Vallone v. CNA Fin. Corp.*, 375 F.3d 623, 639 (7th Cir. 2004)). Additionally, it is only in "extreme circumstances" that an ERISA equitable estoppel claim can survive when the alleged misrepresentation was an oral representation. *Id.* at 636. Such an extreme circumstance exists only if the "plan documents are ambiguous or misleading." *Id.* at 637; *see also Bowerman v. Wal-Mart Stores, Inc.*, 226 F.3d 574, 588-90 (7th Cir. 2000) (approving of the district court's application of ERISA equitable estoppel for oral misrepresentation *only* because the relevant health care plan was "misleading and incomplete").

Any possible claim for equitable estoppel under ERISA that Plaintiff may have intended to assert in his Amended Complaint must fail because the alleged misrepresentation was oral, rather than in writing. (Am. Compl. Count III ¶ 9).[5] *See Downs*, 214 F.3d at 805-06

---

[5] Plaintiff's allegation that Suroweic "expressly reiterated" the statement he allegedly made in 2000 with respect to Plaintiff's eligibility in the Health Care Plan is irrelevant, since Suroweic allegedly made this second statement in 2005, and Plaintiff obviously could not have relied on the 2005 statement to make his decision to switch to a salaried position in 2000. (Am. Compl. Count III ¶ 10). *See Int'l Union of United Auto., Aerospace & Agric.Workers of Am. v.*

(holding that plaintiffs could not rely on oral statements under an ERISA equitable estoppel theory "because the estoppel doctrine does not override the . . . rule proscribing oral modification of an ERISA plan"). Additionally, as previously stated, there is nothing ambiguous or misleading about either the Labor Agreement or Health Care Plan that warrants a finding of an "extreme circumstance" to circumvent the writing requirement under ERISA estoppel. *See Hettelslater v. Synovate, Inc.* 2007 WL 1805147, at *2-*3 (N.D. Ill. June 20, 2007) (dismissing plaintiff's ERISA equitable estoppel claim because the alleged misrepresentations were made orally and the terms of the plan were not ambiguous). Thus, Plaintiff cannot state a claim for equitable estoppel sufficiently plausible to survive a motion to dismiss under Rule 12(b)(6).[6]

### 4. Individual Liability Under ERISA

In Count III, Plaintiff also seeks monetary damages from Suroweic individually for his (Suroweic's) alleged false statements with respect to Plaintiff's eligibility in the Health Care Plan upon retirement. (Am. Compl. Count III ¶¶ 9, Prayer for Relief). Any claim to hold Suroweic personally liable for the alleged misrepresentation must, however, be dismissed.

Officers of a corporation will not be held personally liable under ERISA "unless the

---

*Rockford Powertrain, Inc.*, 350 F.3d 698, 705-06 (7th Cir. 2003) (holding that the equitable estoppel argument "must fail" in part because the relevant statements "were made . . . after the retirees made their decision to retire").

[6] Plaintiff's reliance on *Novak v. Irwin Yacht & Marine Corp.*, 986 F.2d 468 (11th Cir. 1993) is irrelevant because the Seventh Circuit has repeatedly articulated the requirements for an ERISA equitable estoppel cause of action. Thus, there is no need for this Court to look to persuasive authority from other jurisdictions.

13

corporation is acting [as] an alter ego of the individual or there exist facts that warrant the piercing of the corporate veil." *Plumbers' Pension Fund, Local 130 v. Niedrich*, 891 F.2d 1297, 1299 (7th Cir. 1989). The only other possibility for personal liability under ERISA is if the collective bargaining agreement expressly provides for such liability. *See Niedrich*, 891 F.2d at 1301-02; *see also Trustees of Sheet Metal Workers Local 91 Health & Welfare Benefit Fund v. Tennant*, 2006 WL 1520253, *2 (C.D. Ill. May 31, 2006) (recognizing exceptions to the general rule prohibiting personal liability under ERISA "where the corporation . . . operat[es] as an alter ego of the individual or where there are facts that warrant piercing the corporate veil . . . or where there is a provision in the collective bargaining agreement providing for personal liability of the signatory").

Given these generally restrictive doctrines for personal liability under ERISA, Plaintiff has not adequately stated a claim for holding Suroweic liable in a personal capacity with respect to his alleged misrepresentation. Nowhere in Plaintiff's Amended Complaint or Response does he even allege facts that would indicate any reasons for piercing Corn Products' corporate veil. Moreover, Plaintiff fails to allege that the Labor Agreement somehow provides for personal liability. Thus, Plaintiff has not adequately stated a claim for misrepresentation insofar as he seeks to hold Suroweic personally liable under ERISA. *See Niedrich*, 891 F.2d at 1301 (affirming the district court's dismissal under 12(b)(6) where plaintiff failed to allege facts sufficient to warrant the piercing of the corporate veil).

Finally, as Corn Products identifies in its Motion to Dismiss, the only other possibility

under ERISA for holding Suroweic personally liable is for a breach of fiduciary duty.[7] "ERISA allows for an action to enforce and seek appropriate relief because of a breach of fiduciary duty." *Magin v. Monsanto Co.*, 420 F.3d 679, 687 (7th Cir. 2005) (quoting *Anweiler v. Am. Elec. Power Serv. Corp.*, 3 F.3d 986, 992 (7th Cir. 1993)). However, any recovery from the breach of fiduciary duty theory must inure to the plan, and not the individual beneficiary. 29 U.S.C. § 1109(a) ("Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter shall be personally liable to make good *to such plan* any losses to the plan resulting from each such breach . . .") (emphasis added); *see also Mass. Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 144 (1985) (finding that "the entire text of § [1109(a)] persuades us that Congress did not intend that section to authorize any relief except for the plan itself."). Consequently, even if this Court construed Plaintiff's complaint to allege a claim for breach of fiduciary duty under ERISA, it could not stand because Plaintiff seeks individual damages for himself. (Am. Compl. Count III Prayer for Relief). *See Magin*, 420 F.3d at 687-88 (affirming the district court's dismissal of plaintiff's breach of fiduciary duty claim under ERISA for alleged misrepresentation because plaintiff sought individual damages for himself); *Hettelsater*, 2007 WL 1805147, at *3 (same). Accordingly, because Plaintiff cannot state a plausible claim against Suroweic in a personal capacity, Suroweic

---

[7] Again, this entire endeavor of attempting to identify the possible theories for liability would be made easier if Plaintiff actually stated the law under which he was bringing this action. Nowhere in either Plaintiff's Amended Complaint or Response does he mention breach of fiduciary duty.

15

must be dismissed from Count III. Count III is therefore dismissed.

## IV. CONCLUSION

Plaintiff has failed to state a claim upon which relief may be granted for each of the three counts in his complaint against Corn Products and Suroweic. The claim in Count I for specific performance must be dismissed because a section 502(a)(3) claim is inappropriate where ERISA elsewhere provides an adequate remedy. Additionally, Count II fails to state a claim because the unambiguous language of both the Labor Agreement and the Health Care Plan confirm that Plaintiff is not entitled to participate in the Health Care Plan upon retirement. Finally, Count III must be dismissed because ERISA preempts his claim for misrepresentation and Plaintiff has not stated an adequate claim for either equitable estoppel or breach of fiduciary duty. Moreover, Plaintiff fails to allege any facts that would warrant a finding of personal liability under ERISA. **For the reasons set forth in this opinion, the motion of Defendants Corn Products and Suroweic to dismiss Counts I, II, and III pursuant to Rule 12(b)(6) is granted.**

**SO ORDERED THIS 2nd DAY OF May, 2008.**

*Morton Denlow*
_____
**MORTON DENLOW
UNITED STATES MAGISTRATE JUDGE**

**Copies sent to:**

Thomas L. Murphy
Edgar P. Petti
Matthew D. Robinson
Petti Murphy & Associates

James D. Weiss
Brian K. Jackson
Sidley Austin, LLP
One South Dearborn

22 South 4th Street
Geneva, Illinois 60134

Counsel for Plaintiff
Paul Powers

Chicago, IL 60603

Counsel for Defendants
Corn Products and John Suroweic

Gilbert Feldman
Cornfield & Feldman
25 East Washington Street, Suite 1400
Chicago, IL 60602

Counsel for Defendants
Union and James Kramer