**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **PAUL POWERS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Case No. 07 C 5410 |
| | ) | |
| **CORN PRODUCTS INTERNATIONAL, INC., JOHN SUROWEIC, UNITED STEEL, PAPER and FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL and SERVICE WORKERS INTERNATIONAL UNION, and JAMES KRAMER,** | ) | Magistrate Judge Morton Denlow |
| | ) | |
| **Defendants.** | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Paul Powers ("Plaintiff") filed a four count amended complaint against Corn Products International, Inc. ("Corn Products"), John Suroweic ("Suroweic"), United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union ("Union"), and James Kramer ("Kramer"). In Count I, Plaintiff seeks the equitable remedy of specific performance, including an order directing Corn Products to allow Plaintiff to participate in the Health Care Plan for Hourly Employees of Corn Products International, Inc. (the "Plan" or "Health Care Plan"). In Count II, Plaintiff seeks to clarify his rights to future benefits under the Health Care Plan in accordance with 29 U.S.C. §

1132(a)(1)(B). In Count IV, Plaintiff seeks to recover damages from the Union and Kramer based on alleged misrepresentations made by Kramer to Plaintiff with respect to the Plaintiff's eligibility to participate in the Health Care Plan upon retirement. The Union and Kramer move to dismiss all three counts pursuant to Federal Rule of Civil Procedure 12(b)(6).

The Union and Kramer are not named as defendants in Count III. Corn Products and Surowiec filed a separate motion to dismiss, which is being ruled upon in a separate opinion. Oral argument was held on April 22, 2008. For the reasons stated below, the motion to dismiss Counts I, II, and IV against the Union and Kramer is granted.

## I. BACKGROUND FACTS

Plaintiff has been employed by Corn Products since October 16, 1970. (Am. Compl. Introduction ¶ 1). Plaintiff began his employment at Corn Products as an hourly employee and a member of the Union. (Am. Compl. Count III ¶¶ 9-10, 13). In 2000, however, Plaintiff left the Union and accepted a salaried management position with Corn Products. (Am. Compl. Count III ¶ 9 and 13). Plaintiff alleges that before he agreed to leave the Union and accept the salaried position, Kramer, his Union representative, informed Plaintiff that he would still be eligible to participate in the Health Care Plan upon retirement. (Am. Compl. Count IV ¶ 9). Plaintiff claims he relied on Kramer's representation, and as a result, accepted the salaried position. (Am. Compl. Count IV ¶¶ 12-13).

After accepting the salaried position, however, Corn Products informed Plaintiff that he is not eligible to participate in the Health Care Plan upon retirement. (Am. Compl. Introduction ¶ 6). The Union declined to represent Plaintiff in his grievance against Corn Products, and issued Plaintiff a letter on June 12, 2007 stating it no longer had a duty to represent him after he became a salaried employee. (Pl. Am. Comp. ¶ 7). As a result, Plaintiff alleges that he has been "constrained from retiring" due to the later advice that he will not be eligible to receive benefits under the Health Care Plan upon retirement. (Am. Compl. Introduction ¶ 8).

Union employees of Corn Products may participate in the Health Care Plan if they meet certain requirements. (Ex. A at 22).[1] As stated in Article 12 of the collective bargaining agreement between Corn Products and the Union ("Labor Agreement"), eligibility is "subject to the terms and provisions" of the Health Care Plan. (Ex. A at 22). Additionally, Union employees may be eligible to participate in the Health Care Plan upon retirement pursuant to the requirements specified in Article 14, Section 1C of the Labor Agreement. (Ex. A at 24). The gravamen of Plaintiff's claim against the Union and Kramer is to guarantee his eligibility to receive benefits from the Health Care Plan upon retirement or to be awarded damages for the alleged misrepresentations made by Kramer regarding his eligibility to participate in the Health Care Plan.

---

[1] Ex. A refers to the Labor Agreement attached as Exhibit A to Corn Products' Motion to Dismiss.

## II. STANDARD OF REVIEW FOR MOTION TO DISMISS

Under Rule 12(b)(6), to survive a motion to dismiss for failure to state a claim upon which relief may be granted, the complaint must contain only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *EEOC v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007). The complaint must "describe the claim in sufficient detail to give the defendant 'fair notice of what the . . . claim is and the grounds upon which it rests.'" *Concentra*, 496 F.3d at 776 (quoting *Bell Atl. Corp. v. Twombly*, ---- U.S. ----, ----, 127 S. Ct. 1955, 1964 (2007)). The "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of elements of a cause of action will not do." *Twombly*, 127 S. Ct. at 1964-65. Additionally, the complaint "must plausibly suggest that the plaintiff has a right to relief [by providing allegations that raise a right to relief] above a 'speculative level.'" *Concentra*, 496 F.3d at 776 (quoting *Twombly*, 127 S. Ct. at 1965). If the allegations do not suggest such a right to relief, "the plaintiff pleads itself out of court."*Id.* In ruling on a motion to dismiss, the Court takes "as true all well-pleaded factual allegations in the complaint and make[s] all plausible inferences from those allegations in the plaintiffs' favor." *Disability Rights Wisc., Inc., v. Walworth County Bd. of Supervisors,* —F.3d —, 2008 WL 1701837 (7th Cir. 2008). In evaluating a 12(b)(6) motion to dismiss, the court may consider documents attached to the motion if such documents are referred to in a plaintiff's complaint and are central to the plaintiff's claim. *See McCready v. eBay, Inc.,* 453 F.3d 882, 891 (7th Cir. 2006). The standard regarding Plaintiff's misrepresentation claim in Count IV is

discussed *infra* at 12-13.

### III. DISCUSSION

A.  **COUNT I – SPECIFIC PERFORMANCE**

In Count I, Plaintiff asserts a claim for specific performance against both Corn Products and the Union to receive health care benefits under the Labor Agreement and Health Care Plan. Specific to the Union, Plaintiff states, "Further, POWERS has made demand upon the USW LOCAL 7-507 to represent him in this controversy with the COMPANY, but the UNION has failed and refused to do so," and requests the Court require both Union and Company to specifically perform the Agreement. (Pl. Am. Compl., Count I ¶¶ 12-13.)

The Union moves to dismiss because it had no duty to represent Plaintiff once he became a salaried employee. In response, Plaintiff states the Union was "mistaken," and argues the Union is only a defendant in the action "based on vicarious liability for the statements and promises of its Vice President, Kramer and for its failure to perform its obligations under the Plan and to clarify and/or enforce plaintiff's rights thereunder." (Pl. Resp. at 2.) It is unclear from Plaintiff's reply, however, how Defendant Union was mistaken, because Plaintiff fails to mention what obligations the Union owed to Plaintiff other than to represent him in his grievance with his employer. Plaintiff's amended complaint also makes no mention of a claim based on vicarious liability. Such a claim is, at best, implied based on Plaintiff's Count IV misrepresentation claim against both Kramer and the Union. To the extent that Plaintiff's response constitutes a pleading, this Court considers it in a motion to

5

dismiss under 12(b)(6). *See Help at Home, Inc. v. Medical Capital, LLC*, 260 F.3d 748, 752-53 (7th Cir. 2001) (the court properly considered additional facts added by a plaintiff in a brief to defeat a motion to dismiss).

As an initial matter, the Court notes that a claim against the Union for failing to represent Plaintiff could provide no relief, as the Union had no duty to represent Plaintiff once he became a salaried employee and was outside the scope of the Labor Agreement. *See Allied Chem. & Alkali Workers v. Pittsburgh Plate Glass,* 404 U.S. 157, 182 n.20 (1971) (finding the union did not have a duty to represent retirees because they were outside the bargaining unit). Furthermore, a claim for breach of a union's duty of fair representation under § 301 of the Labor Management Relations Act ("LMRA") requires a showing that the Union acted in a manner that was "arbitrary, discriminatory, or in bad faith." *Vaca v. Sipes*, 386 U.S. 171, 190 (1967). The Labor Agreement[2] clearly delineates the class of employees covered, and fails to include management positions. Given the scope of the Health Care Plan covering only Union hourly employees, Plaintiff does not have a plausible case that the Union acted in an arbitrary manner in failing to represent him.

Even if Plaintiff is not alleging the Union's liability based on a failure to represent him, his claim against Union under Count I also fails. Plaintiff did not cite a specific law in Count I, but in demanding specific performance of benefits covered by ERISA, Count I seeks

---

[2]As previously noted, this Court may consider exhibits attached by both Plaintiff and Defendants in this case without converting the action into a motion for summary judgment, so long as the exhibits are central to Plaintiff's claim. *See McCready*, 453 F.3d at 891.

an equitable remedy. Therefore, Plaintiff's claim would presumably be brought under Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), which authorizes "appropriate equitable relief" where other adequate remedies are unavailable. *See Varity v. Howe*, 516 U.S. 489, 512 (1996).

Plaintiff seeks alternative redress under ERISA in Count II, under Section 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B). Because Count II offers the same avenue of relief as Count I, a claim for equitable relief under Section 502(a)(3) is inappropriate. *See Rice ex rel. Rice v. Humana Ins. Co.,* 2007 WL 1655285, at *4 (N.D.Ill. 2007) (stating that a claim under § 1132(a)(3) "must be dismissed if relief may be obtained under § 1132(a)(1)(B)."). *See also Heroux v. Humana Ins. Co.,* 2005 WL 1377854, at *4 (N.D.Ill. 2005); *Jurgovan v. ITI Enterprises,* 2004 WL 1427115, at *4 (N.D.Ill. 2004). Because the Union had no duty to represent Plaintiff once he became a salaried employee and because Count I seeks nothing that Plaintiff does not separately seek under Count II, Count I is dismissed.

**B.    COUNT II – HEALTH CARE PLAN ELIGIBILITY**

In Count II, Plaintiff asserts a right under § 502(a)(1)(B) of ERISA, 29 U.S.C. § 1132(a)(1)(B), to clarify his rights to future benefits, and requests the Court to declare and mandate that his eligibility under the Agreement be reinstated. As a general matter however, "[i]n the Seventh Circuit, the [ ] rule with respect to a § 1132(a)(1)(B) claim for benefits is that the only appropriate defendant is the Plan." *Black v. Long Term Disability Ins.,* 373 F. Supp. 2d 897, 899 (E.D.Wis. 2005); *see also, Jass v. Prudential Health Care Plan, Inc.,* 88 F.3d 1482, 1490 (7th Cir. 1996).

Although the Seventh Circuit acknowledges exceptions to this rule, such exceptions have only permitted employers to be named defendants, and under limited circumstances. *See Riordan v. Commw. Edison Co.,* 128 F.3d 549, 551 (7th Cir. 1997); *Mein v. Carus Corp.,* 241 F.3d 581, 584-85 (7th Cir. 2001); *Rivera v. Network Health Plan of Wisconsin, Inc.,* 320 F. Supp. 2d 795, 798-800 (E.D.Wis. 2004). For example, in *Riordan*, the court permitted the employer to be named a defendant because the plan and employer were closely intertwined. *Riordan*, 128 F.3d at 551. These exceptions allowing employers as defendants remain narrow, *see Black,* 373 F. Supp. 2d at 900, and this Court will not expand the general rule here and permit the Union to be a defendant. The Union is not a proper defendant in a claim under § 1132(a)(1)(B). In addition, the Court adopts its analysis from the companion opinion granting the Corn Products and Suroweic motion to dismiss and explaining why Plaintiff is not entitled to participate in the Health Care Plan upon retirement. Plaintiff has failed to state a claim upon which relief may be granted, and thus Count II is dismissed against the Union.

C.  **COUNT IV – MISREPRESENTATION**

In Count IV, Plaintiff alleges misrepresentation by Defendant Kramer and against the Union, presumably based on vicarious liability. (Pl. Am. Compl., Count IV.) According to Plaintiff, Defendant Kramer, as a Vice President of the AFL-CIO and a CLC Union representative, knowingly represented to Plaintiff that if he accepted a salaried management position, he would retain his rights under the Health Care Plan. (Pl. Am. Compl., Count IV ¶¶ 9, 17.) Based on these representations, Plaintiff alleges he moved to a management position, causing his membership with the Union to be discontinued. (Pl. Am. Compl., Count

IV ¶ 19.) Plaintiff further claims his reliance on Kramer's statements was reasonable, and knowledge that he would lose his "vested health benefits" would have caused him and any reasonable person to act differently. (Pl. Am. Compl., Count IV ¶¶ 12, 22-23.)

Defendants Union and Kramer argue Count IV should be dismissed because Plaintiff does not explain why they owed Plaintiff any duty to communicate accurate information. (Def. Reply at 2.) However, Plaintiff alleges *intentional* misrepresentation, which does not require that a party have a specific duty to make truthful statements. In Illinois, to make a claim for intentional misrepresentation, a plaintiff need only prove the defendants made (1) a false statement of material fact; (2) known or believed to be false by the defendants; (3) intended to induce the plaintiff to act; (4) that the plaintiff took action in reliance on the truth of the statement; and (5) incurred damage resulting from such reliance. *Equity Builders & Contractors, Inc. v. Russell,* 406 F. Supp. 2d 882, 888 (N.D.Ill. 2005).

The Court acknowledges that, in a claim for *negligent* misrepresentation in Illinois, a plaintiff must establish that the party making a statement had a duty to communicate accurate information, *First Midwest Bank, N.A. v. Stewart Title Guar. Co.*, 843 N.E.2d 327, 332-35 (Ill. 2006), but that requirement is inapplicable to this case. Plaintiff's amended complaint alleges Kramer made representations to Plaintiff with an intent that he rely upon them, knowing their falsity, causing him to discontinue his membership in the Union. (Pl. Am. Compl. Count IV.)

Plaintiff's state law claim raises preemption issues under the LMRA and ERISA because it pertains to terms in a collective bargaining agreement and health care benefits

9

plan. Courts have long held that, where a state law claim requires an interpretation of a collective bargaining agreement or benefits plan, those claims will be preempted by federal law. *See Lingle v. Norge Div. of Magic-Chef*, 486 U.S. 399, 410 n.8 (1988) (discussing when the LMRA will preempt a state claim); *Trainor v. SBC Svcs., Inc.,* 2004 WL 2958684, at *4 (N.D.Ill. 2004) (addressing when ERISA will preempt a state claim). When federal law preempts a state claim, a plaintiff's only remaining redress will be through the terms of the preempting federal statutes, and a plaintiff could be precluded from litigating his state cause of action if there is not an applicable federal remedy. *See Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 210 (1985) (disputes must be resolved by reference to federal labor law); *Rice v. Panchal*, 65 F.3d 637, 645-46 (7th Cir. 1995) (discussing ERISA preemption and the developing body of ERISA common law to resolve preempted issues). The Court adopts its ERISA preemption analysis from its companion opinion as a basis for dismissing Count IV.

Alternatively, the Court finds Plaintiff has not stated a valid claim under Illinois law. In Illinois, a claim for intentional misrepresentation appears to be indistinguishable from a claim for fraudulent misrepresentation, with "intentional" and "fraudulent" being used interchangably. *See Peters,* 618 N.E. 2d at 463; *See also Dawson v. W. & H. Voortman Ltd.,* 853 F. Supp. 1038, 1044 (N.D. Ill. 1994) (stating that "the court has found no Illinois case law, nor has plaintiff cited any, which distinguishes between [intentional misrepresentation and fraud]."). Under Illinois law, "[t]o support an action for fraud, the alleged misrepresentation must be one of fact and not an expression of opinion. Statements regarding future events are considered opinions, not statements of fact." *People ex rel. Peters v.*

*Murphy-Knight*, 618 N.E.2d 459, 463 (Ill. App. Ct. 1993) (citations omitted). Although an exception to this rule exists "where the false promise . . . of future conduct is the scheme or device to accomplish the fraud," *Hollymatic Corp. v. Holly Systems, Inc.,* 620 F. Supp. 1366, 1369 (N.D.Ill. 1985), that exception is inapplicable here because Plaintiff does not allege Defendant Kramer's statements were made in the context of any "scheme" to defraud. "In order to survive the pleading stage, a claimant must be able to point to specific, objective manifestations of fraudulent intent–a scheme or device. If he cannot, it is in effect presumed that he cannot prove facts at trial entitling him to relief." *Id.*

The alleged misrepresentations by Defendant Kramer were in reference to the *future* availability of Plaintiff's health care benefits upon retirement. Quite plainly, the subject of the alleged statements dealt with the occurrence of future events, which, under Illinois law, is not a valid basis for intentional misrepresentation. *People ex rel. Peters,* 618 N.E.2d at 463.

Plaintiff's claim for misrepresentation should also be dismissed because it fails to meet the pleading requirements of Federal Rule of Civil Procedure 9(b), which states, "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated *with particularity* . . . ." Fed. R. Civ. P. 9(b) (emphasis added). To meet this requirement, Plaintiff must state in his complaint "the identity of the person making the misrepresentation, the time, place, and context of the misrepresentation, and the method by which the misrepresentation was communicated." *Dawson,* 853 F. Supp. at 1045(quoting

*Wade v. Hopper*, 933 F.2d 1246, 1250 (7th Cir. 1993)).[3] Although Plaintiff alleges Kramer made the statements in 2000, these two facts are insufficient to meet this particularity requirement. Plaintiff must plead with greater particularity than simply stating Kramer made statements at some point during the year 2000. *See U.S. ex rel. Ascher Bros. Co., Inc. v. American Home Assur. Co.,* 1999 WL 675204, at *2 (N.D.Ill. 1999) ("Rule 9(b) requires . . . specific dates and places of the alleged misrepresentations." (citing *Midwest Grinding Co., Inc. v. Spitz,* 976 F.2d 1016, 1020 (7th Cir. 1992))). Therefore, because Plaintiff's claim has been preempted by ERISA and because Plaintiff cannot make a claim for misrepresentation under Illinois law based on statements regarding future events, and because Plaintiff has failed to plead facts with sufficient particularly, Count IV is dismissed as to Defendants Union and Kramer.

## IV. CONCLUSION

**For the reasons set forth in this opinion, the motion of the Union and Kramer to dismiss Counts I, II and IV of Plaintiff's Amended Complaint pursuant to Rule 12(b)(6) is granted.**

**SO ORDERED THIS 2nd DAY OF MAY, 2008.**

*/s/ Morton Denlow*
_____
**MORTON DENLOW**

---

[3] *Dawson* discusses the confusing distinction between fraud and intentional misrepresentation, and how the terms are often intertwined. *See generally* 853 F. Supp. at 1044-45 (discussing the elements of common law fraud: "that a false statement of material fact was intentionally made; that the party to whom the statement was made had a right to rely on it and did rely on it; that the statement was made for the purpose of inducing the other party to act; and that reliance by the person to whom the statement was made led to his injury.").

**UNITED STATES MAGISTRATE JUDGE**

**Copies sent to:**

| | |
|---|---|
| Thomas L. Murphy | Gilbert Feldman |
| Petti Murphy & Associates | Cornfield & Feldman |
| 1100 Ravinia Place | 25 E. Washington Street, Suite 1400 |
| Orland Park, IL 60462 | Chicago, IL 60602 |
| | |
| Counsel for Plaintiff | Counsel for Defendants |
| Paul Powers | Union and James Kramer |

James D. Weiss
Brian K. Jackson
Sidley Austin, LLP
One South Dearborn
Chicago, IL 60603

Counsel for Defendants
Corn Products and John Suroweic